IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FLOYD STEELE,

          Plaintiff,         Civil No. 05-326-AA

          v.             ORDER

STAN W. CZERNIAK, et al.,

          Defendants.

AIKEN, District Judge.

     Plaintiff's Amended Complaint (#26) alleges violations of his Fourteenth Amendment due process rights arising out of a disciplinary hearing at the Eastern Oregon Correctional Institution.  Defendants now move for summary judgment (#32).

     The relevant facts are as follows: On March 22, 2003, plaintiff committed a series of rule violations which led to three misconduct reports. For each incident, plaintiff received a copy of the misconduct report, notice of the

hearing and the Notice of Inmate Rights.  On March 25, 2003, Hearings Officer Peter Sturdevant conducted a disciplinary hearing relative to the misconduct reports. Plaintiff does not challenge the disposition of two of the reports.

The third misconduct report charged plaintiff with violating Rule 2(E) (Disrespect I) and Rule 4(J) (Possession of a Dangerous Weapon).  Hearings Officer Sturdevant reviewed the report and heard testimony from plaintiff.  Sturdevant issued a Findings of Fact, Conclusions and Order that plaintiff be found guilty of violating Rule 2(E) (Disrespect I).  Plaintiff's complaint indicates that he is not challenging that finding or the sanction imposed.  Sturdevant dismissed the charge of violating Rule 4(J) (Possession of a Dangerous Weapon) without prejudice because the report did not indicate how plaintiff turned a belt and padlock into a potential weapon.  Superintendent Santos approved the findings and plaintiff did not seek review.

On March 30, 2003, Correctional Officer Holeman resubmitted the misconduct report charging plaintiff with violating Rule 4(J).  After a telephonic disciplinary hearing on April 1, 2003, Hearings Officer Goldade recommended that plaintiff be found guilty of violating Rule 4(J).  The recommendation was approved by Superintendent Santos. Plaintiff requested and received administrative review and the

Findings of Fact, Conclusions and Order was affirmed by Inspector General Rebecca Prinslow.

For violating Rule 4(F) plaintiff received a sanction of 120 days in Disciplinary Segregation, 28 days loss of privileges, and a $100 fine. Although the rules require that 100 days earned time credit be forfeited, this sanction was suspended on the condition that plaintiff refrain from committing a Level 1 or 2 violation until the end of 2003. Plaintiff apparently did refrain from further level 1 or 2 rule violations because this sanction was never imposed.

Eleventh Amendment:    Plaintiff seeks to hold all of the defendants liable in their "individual and official capacities." The Eleventh Amendment bars all claims against defendants in their official capacities. Atascadero State Hospital v. Scanlon, 473 234 (1985); Pennhurst State School and Hospital v. Halderman, 465 U.S. (1984); see also, Will v. Michaigan Dept. of State Police, 491 U.S. 58 (1989). Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."]. Accordingly, defendants are entitled to judgment as a matter of law as to plaintiff's "official capacity" claims.

<u>Respondet Superior</u>    Plaintiff apparently seeks to hold defendants Czerniak, Schooner and Harder liable on a theory of respondeat superior.  It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983.  <u>Monell v. Dept. of Social Serices of City of New York</u>, 436 U.S. 568 (1978); <u>King v. Atiyeh</u>, 814 F.2d565 (9th Cir. 1987); <u>Taylor v. List</u>, 880 F.2d 1040 (9th Cir. 1989). Plaintiff has not alleged any facts that would establish liability against these defendants based on their supervisory capacities.

<u>Fourteenth Amendment:</u>  The Fourteenth Amendment's Due Process Clause applies only where there is a constitutionally protected liberty or property interest at stake.  <u>Ingram v. Wright</u>, 430 U.S. 651 (1977); <u>Board of Regents v. Roth</u>, 408 U.S. 564 (1972).   Thus in order to prevail, plaintiff must establish that he had a liberty interest in being free from being placed in disciplinary segregation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995)(holding a convicted inmate who had been placed in disciplinary segregation for 30 days had no cognizable procedural due process claim because he had no liberty interest in being free from confinement ordinarily contemplated within the sentence imposed); <u>see also</u>, <u>Mujahid v. Meyer</u>, 59 F.3d 931, 932 (9th Cir. 1995); <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997)(holding that convicted inmate was

4 - ORDER

not denied due process when he was placed in a segregation unit pending a disciplinary hearing); see also, Resnick v. Hayes, 200 F.3d 641 (9th Cir. 2000), the Ninth Circuit explicitly found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence.

Because plaintiff's confinement in disciplinary segregation was consistent with the "confinement ordinarily contemplated within the sentence imposed" and did not impose any "atypical and significant hardship ... in relation to the ordinary incidents of prison life," Sandin at p. 484, no due process guarantees attach to the imposition of that sanction. As noted above, the loss of earned good time credits was suspended. Accordingly, plaintiff's allegations regarding those sanctions fail to state a claim.

Plaintiff also challenges the imposition of a $100 fine which does raise a property deprivation issue. However, the record reflects that plaintiff was afforded constitutionally adequate due process with regard to the imposition of the monetary fine.

Plaintiff alleges that the resubmitted misconduct report and resulting disciplinary hearing were improper for three reasons: (1) the rules do not authorize dismissal without prejudice of a charge within a misconduct report; (2) the re-

submission was not timely; and, (3) there was insufficient evidence for the hearings officer to find him guilty of possessing a weapon.

OAR 291-105-0028(12)(c)(A) provides: "The hearings officer may dismiss the alleged rule violation(s) without entering a finding if: (A) There is insufficient evidence to support the alleged rule violation(s)." OAR 291-105-0026 provides: "The hearings officer may dismiss the Misconduct Report(s) at any stage of the proceeding, with or without prejudice, stating in writing the reasons for the dismissal. A Misconduct Report Dismissed without prejudice may be resubmitted in accordance with 291-105-0021(2)."

Hearings Officer Sturdevant made a determination that there was insufficient evidence to support the Rule 4(J) (Possession of a Dangerous Weapon) charge and properly dismissed that charge.

Plaintiff's contention that Sturdevant had "no discretion or authority" to dismiss the possession of a dangerous weapon charge without prejudice is apparently based on the argument that a hearings officer may only dismiss an entire "Misconduct Report" and may not dismiss a separate charge within a report without prejudice. Plaintiff's suggested interpretation of the rules is illogical, would require unnecessary duplication in the processing of misconduct reports and could lead to

absurd results.

OAR 291-105-0021(2) requires that misconduct reports be submitted "no later than 24 hours after sufficient evidence is gathered, discovered and/or observed." Plaintiff apparently claims that the misconduct report should have been immediately resubmitted or within 24 hours of the incident. This argument is also not logical and there is no such requirement in the rules.

Correctional Officer Holman gathered further evidence (consisting of photographs demonstrating the manner in which plaintiff held a belt, pad lock and pillow case) to support the dangerous weapon charge and resubmitted the misconduct report within 24 hours of gathering such evidence. Plaintiff argues that there were no dates on the photographs stating when they were taken and that the photographs could have been taken "at any time." Plaintiff's Response (#49) p. 4-5. However, plaintiff has not submitted any evidence that the misconduct report was not re-submitted in a timely fashion. I find that plaintiff's speculation does not create a genuine issue of material fact sufficient to defeat defendants' motion for summary judgment.

Due process requires "some evidence" to support a prison disciplinary decision. See, Superintendent v. Hill, 474 U.S. 445 (1985); Bruce v. Yates, 351 F.3d 1283 (9th Cir. 2003).

Hearings Officer Goldade reviewed the misconduct report which indicated that Corrections Officer Holman observed plaintiff pick up a padlock, belt and wrap a pillow case around his hands.  She also viewed photographs demonstrating the manner in which plaintiff held these items.  Plaintiff was given an opportunity to testify, but could offer no logical explanation for his actions.[1]

I find that plaintiff's actions in conjunction with his statements that "I am not going to segregation peacefully" and "[l]et's get that punk ass A&O down here and let him take care of this," and plaintiff's  refusal to submit to restraints constitute "some evidence" that plaintiff may have intended to use the padlock and belt as weapons if corrections staff entered his cell.  I further find that if used in such a manner a padlock and belt would "be readily capable of causing serious injury or death."  Therefore there was "some evidence" to support Officer Goldade's finding that plaintiff violated Rule 4(J) and that plaintiff was not denied due process in this regard.

Health issue allegations:  Although not raised as a claim in his complaint, plaintiff refers to health problems he experienced from being placed in disciplinary segregation.

---

[1]Plaintiff testified that he picked up the pillowcase to protect his hands.

Assuming that plaintiff intends to raise an Eighth Amendment claim, he has failed to allege any facts that would support a finding that defendants were deliberately indifferent to his serious medical needs. <u>See</u>, <u>Estell v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000); <u>see also</u>, <u>Clements v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002)

<u>Equitable Relief:</u>  Plaintiff seeks declaratory and injunctive relief concerning defendants' alleged conduct.  Based on my finding above that defendants did not violate plaintiff's constitutional rights, plaintiff's request for declaratory relief is denied.  I further find that plaintiff has failed to establish that he has sustained or immediately in danger os sustaining some direct injury as a result of defendants' conduct.  <u>Los Angeles v. Lyons</u>, 461 U.S. 95 (1983); <u>Sample v Johnson</u>, 771 F.2d 1335 (9th Cir. 1985). Therefore, plaintiff's request for injunctive relief is denied.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#32) is allowed. This action is dismissed.

DATED this  27  day of June, 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge